[No. 15753. Department One. September 27, 1920.]

HANS OBERLEITNER, *Appellant*, v. WILLIAM A. MOORE,
as *Receiver etc., Respondent.*[1]

JUDGMENT (227)—BAR—MATTERS CONCLUDED—GARNISHMENT PRO-
CEEDINGS. A judgment in garnishment proceedings which found that
defendant was the holder of certain shares of capital stock of the
garnishee, but failed to determine whether or not the garnishee was
indebted to the defendant, and granted the garnishee further time
to ascertain the state of its accounts with the defendant, is not *res
judicata* upon the question of the indebtedness of the defendant to
the garnishee.

GARNISHMENT (32)—LIABILITY OF GARNISHEE—ASSIGNMENT OF
CLAIMS PENDING GARNISHMENT. An assignment by the garnishee for
a past consideration, after service of the writ and insolvency of
the defendant, will not relieve him from liability to the plaintiff.

APPEAL (263, 316)—RECORD—STATEMENT OF FACTS—ALL THE EVI-
DENCE—CERTIFICATE AS TO ALL THE FACTS. Error cannot be assigned
upon findings of fact where it appears from the record that all the
facts properly considered by the court were not brought up in the
statement of facts, notwithstanding the court certified the statement
to contain all the material facts.

GARNISHMENT (54)—PROCEEDINGS—COSTS. Where plaintiff is suc-
cessful in garnishment proceedings below, he is entitled to costs in
that court.

Appeal from a judgment of the superior court for
Whatcom county, Pemberton, J., entered September
15, 1919, in favor of the plaintiff, in garnishment pro-
ceedings, tried to the court. Affirmed in part and re-
versed in part.

*R. W. Greene,* for appellant.
*Will J. Griswold,* for respondent.

PARKER, J.—The plaintiff, Oberleitner, seeks re-
covery from the garnishee defendant Moore, as re-
ceiver of the Campbell-Moore Lumber Company. The
plaintiff, deeming himself aggrieved by the judgment

[1]Reported in 192 Pac. 904.

of the superior court for Whatcom county, awarding him recovery only in part as claimed by him, has appealed to this court.

On January 28, 1919, appellant was awarded recovery against A. H. Campbell and Carrie E. Campbell, his wife, by judgment of the superior court for Whatcom county, in the sum of $852.95. · Appellant caused a writ of garnishment to be issued in the case and served upon the Campbell-Moore Lumber Company, commanding it to answer as to the amount, if any, it was indebted to Campbell and wife, or either of them; and also what property, if any, it then had in its possession or under its control belonging to them, or either of them. On January 31, 1919, the garnishee defendant lumber company answered as follows:

"(1)   That it has in its possession a certificate for sixty-six shares of the capital stock of Campbell-Moore Lumber Co., a corporation, issued to defendant A. H. Campbell, being certificate No. 4; that it has no other personal property in its possession or under its control belonging to said A. H. Campbell, nor is it indebted to him in any sum or amount whatsoever.

"(2)   That the garnishee defendant is unable to answer as to whether or not it is indebted to defendant Carrie E. Campbell in any sum whatsoever, the said Carrie E. Campbell claiming that an indebtedness of approximately $3,000 exists, but numerous creditors of said Carrie E. Campbell claimed that they furnished supplies to this garnishee defendant and charged them to this garnishee defendant instead of to said Carrie E. Campbell, and that the aggregate of the claims of such creditors is approximately the amount claimed to be due from this garnishee defendant to said Carrie E. Campbell; that this garnishee defendant was operating a sawmill, and the said Carrie E. Campbell operated a cook-house, where the employees of said mill boarded, and likewise operated a small store at which said employees also traded; that the board and store bills of said employees have been deducted from

the wages of said employees by this garnishee defend-
ant, but that the supplies and merchandise furnished
by numerous creditors to said cook-house and said
store have not been paid for by the said Carrie E.
Campbell and that said creditors claim to have charged
the same to this garnishee defendant, said supplies and
merchandise having been ordered by both defendants
A. H. Campbell and said Carrie E. Campbell, and the
said A. H. Campbell having been at the said time
in control and charge of the said sawmill operated by
this garnishee defendant; that this garnishee defend-
ant does not have any personal property belonging to
said Carrie E. Campbell in its possession or under its
control and is not indebted to said Carrie E. Campbell
in any amount or sum whatever, capable of being de-
termined at the present time, nor other than as herein-
before set forth.''

On February 21, 1919, a judgment was rendered
with reference to the shares of stock owned by Mr.
Campbell, by which judgment the shares of stock were
ordered sold and the proceeds thereof applied towards
the satisfaction of appellant's judgment against Mr.
and Mrs. Campbell. No disposition was then made
by the court of the question of whether or not either
Mr. or Mrs. Campbell was indebted to the garnishee
defendant lumber company at the time of the service
of the writ of garnishment upon it. This judgment
concluded as follows:

''It is further ordered that the garnishee defendant
be and it is hereby granted further time within which
to ascertain the state of its account with defendant
Carrie E. Campbell, and to file a supplemental answer
as garnishee herein.''

This judgment is silent as to any indebtedness
owing to Mr. Campbell by the garnishee defendant
lumber company—that is, it is not, in terms, either for
or against appellant as to any indebtedness owing by
the garnishee defendant lumber company to Mr. Camp-

bell. On March 24, 1919, the garnishee defendant lumber company, having become insolvent, passed into the hands of respondent Moore as its receiver. This apparently rendered the shares of stock of Mr. Campbell, which had been ordered sold, worthless; and the record, we think, warrants us in assuming that nothing was realized from that source towards the satisfaction of appellant's judgment against Mr. and Mrs. Campbell. On July 9, 1919, the court entered in this garnishment proceeding its order as follows:

"It is therefore now ordered that said William A. Moore, as receiver, be substituted for said Campbell-Moore Lumber Company, a corporation, as garnishee defendants to plaintiff at the time of the service of the answer and return herein regarding the liability of defendants to plaintiff at the time of the service of the writ of garnishment herein."

On July 17, 1919, the respondent, as receiver, in compliance with this order, answered as follows:

"That at this time the defendant, Campbell-Moore Lumber Co., a corporation, is indebted to Carrie E. Campbell in a sum of approximately $1,400; that all of said sum so indebted to said Carrie E. Campbell is owed to various wholesale merchants, and all of said account has been assigned in writing to said wholesale merchants by the said Carrie E. Campbell, and that this answering garnishee defendant has been instructed to turn said moneys over to the respective assignees to whom it belongs; that in view of said assignments, this garnishee defendant answers that he has no money in his possession belonging to said defendant Carrie E. Campbell.

"As to defendant A. H. Campbell, this defendant answers that the company is indebted to said A. H. Campbell at this time in the sum of approximately $700, which said sum has been assigned in writing to H. J. Frolich, and this answering defendant has received instructions that the moneys should be turned

over to said H. J. Frolich. He therefore answers that there is no money due H. A. Campbell.''

On July 23, 1919, appellant replied, controverting respondent's answer so made, alleging that larger sums were due from the garnishee defendant lumber company to Mr. and Mrs. Campbell at the time of the service of the writ of garnishment upon the garnishee defendant lumber company, and that the assignments of such indebtedness by them was void as to him, particularly because such assignments were made long after the service of his writ of garnishment upon the garnishee defendant lumber company. The issues as to Mr. and Mrs. Campbell being indebted to the garnishee defendant lumber company thus raised being heard upon the merits, the trial court, on September 15, 1919, rendered its final judgment as follows:

''It is ordered that W. A. Moore, receiver, is not indebted or has he any personal property in his possession belonging to A. H. Campbell.

''It is further ordered that W. A. Moore, as receiver of the Campbell-Moore Lumber. Co., is indebted to Carrie E. Campbell in the sum of $811.45, and that Hans Oberleitner, the plaintiff herein, is entitled to such dividends as may be declared on said $811.45.''

This is the judgment from which this appeal is prosecuted.

It is apparent from recitals in the final judgment appealed from, which for present purposes we may regard as findings and conclusions duly excepted to, that the trial court rested its conclusion that there was nothing owing from the garnishee defendant lumber company or Moore, as its receiver, to Mr. Campbell available to appellant, upon the fact of his failure to reply to and controvert the original answer of the garnishee defendant lumber company; and that therefore the first judgment directing the sale of Mr. Campbell's

shares of stock became *res judicata* as against appellant, even to the extent of precluding him from further insisting that the garnishee defendant lumber company was indebted to Mr. Campbell. We think, however, under the circumstances, that judgment was not *res judicata,* as against appellant, as a determination of the question of whether or not the garnishee defendant lumber company was indebted to Mr. Campbell; and that, until that issue was thereafter tried and determined, appellant was privileged to reply to and controvert either the answer made by the garnishee defendant lumber company in the first instance, or the answer thereafter made by respondent Moore as its receiver. The latter answer was replied to and controverted by appellant and raised an issue as to the garnishee defendant lumber company being indebted to Mr. Campbell, triable together with the issue of whether or not the garnishee defendant lumber company was indebted to Mrs. Campbell. Upon the final hearing it clearly appears that the garnishee defendant lumber company did, at the time of the service of the writ of garnishment upon it, owe Mr. Campbell $700, and that it was not until after the service of the writ of garnishment and the passing of the garnishee defendant's affairs into the hands of respondent as receiver because of its insolvency that any assignment was made by Mr. Campbell of the $700 indebtedness due him, when such assignment was manifestly made for a past consideration. We think it follows that the trial court erred in declining to award judgment in favor of appellant and against respondent as receiver, and adjudge appellant entitled to such dividends as would be payable to Mr. Campbell upon the indebtedness of $700 owing him, to an extent necessary to satisfy the judgment in favor of appellant against Mr. and Mrs. Campbell.

Contention is made in appellant's behalf that the court erred in refusing to award him judgment entitling him to dividends in a larger sum than $811.45, as against the respondent as receiver, upon the indebtedness owing Mrs. Campbell. While it is true that all of Mrs. Campbell's claim of some $2,800 appears to have been assigned by her after the service of the writ of garnishment, we are unable to say from the record before us that the trial court erred in refusing to render available to the appellant dividends upon a larger sum towards the satisfaction of his judgment against Mr. and Mrs. Campbell, since it appears that the assignments of Mrs. Campbell's claim in excess of $811.45 were made to persons who, in equity and good conscience, were entitled thereto as against appellant. That is, so far as we can determine from the record before us, we cannot say but what it sufficiently so appeared to warrant the court in so concluding. The record before us is not clear touching this question, and while the statement of facts seems, by the certificate of the trial judge, to contain all the facts, it is apparent from a perusal of the whole of the statement of facts that there were other facts properly considered by the trial judge which do not appear in the statement of facts. So, upon the record before us, we are unable to say that the trial court erred in refusing to adjudge that there was a greater sum than $811.45 owing from the garnishee defendant to Mrs. Campbell applicable to the satisfaction of his judgment against Mr. and Mrs. Campbell.

Some contention is made in behalf of respondent seemingly rested upon the theory that our conclusion here reached will result in appellant being unlawfully paid in full to the detriment of general creditors of the garnishee defendant, Campbell-Moore Lumber

Company. We think counsel overlooks the fact that appellant is not a creditor of the Campbell-Moore Lumber Company, except only as he stands in the shoes of Mr. and Mrs. Campbell. By our disposition of the case he will receive in dividends only such as they would have received had no judgment been rendered in favor of the appellant in the garnishment proceeding. Of course, appellant will not, in any event, receive more from the dividends than the amount of his judgment against Mr. and Mrs. Campbell. Standing in the shoes of Mr. and Mrs. Campbell, appellant will receive the same dividends and no more than will other creditors of the garnishee defendant lumber company. Manifestly he will receive no unlawful preference.

In the final garnishee judgment the trial court did not, in terms, make any award of costs to either party, and it is now argued in appellant's behalf that he was entitled to costs incurred in the superior court. We think, in view of his success in that court and also in this court, he is entitled to costs in that court. The judgment seems capable of being considered as meaning this; but we make this observation to the end that there be no uncertainty in this particular.

The judgment appealed from, in so far as it adjudges appellant not entitled to judgment against respondent, as receiver and garnishee defendant, upon the $700 indebtedness owing Mr. Campbell—that is, not entitled to the dividends upon that sum which would be payable to Mr. Campbell, is reversed; and the trial court is directed to correct its judgment, making award to appellant accordingly, as it did with reference to the indebtedness owing to Mrs. Campbell.

The judgment, in so far as it awards appellant recovery upon the $811.45 indebtedness owing Mrs.

Campbell, entitling the appellant to dividends which would be payable to her on that sum, not exceeding the full satisfaction of his judgment against Mr. and Mrs. Campbell, is affirmed. Appellant is entitled to recover his costs in this court.

HOLCOMB, C. J., MAIN, MITCHELL, and BRIDGES, JJ., concur.